IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JEANMARIE W.**[1]

        Plaintiff,

      v.

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,**

        Defendant.

Civ. No. 2:24-cv-01347-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

      Plaintiff Jeanmarie W. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and all parties have consented to jurisdiction by magistrate judge under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). For the reasons provided below, the Commissioner's decision is REVERSED and REMANDED for immediate calculation and payment of benefits.

**BACKGROUND**

      Plaintiff is a 48-year-old who alleges she is unable to work due to mental and physical impairments. Plaintiff filed an application for SSI and DIB on October 24, 2018. Tr. 14. In her application, Plaintiff claimed disability with an alleged onset date of January 30, 2014, later

---

[1]In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 - Opinion and Order

amended to April 20, 2018. Tr. 14, 444-45. The claim was denied initially on April 8, 2019, and

upon reconsideration on November 6, 2020. Tr. 14. A hearing was held on November 9, 2023,

before Administrative Law Judge Jesse Shumway. Tr. 44-73. On February 5, 2024, the ALJ

issued an unfavorable decision finding Plaintiff was not disabled from the alleged onset date

through the date of decision. Tr. 14-34. On July 10, 2024, the Appeals Council denied review

making the ALJ's decision the final agency decision. Tr. 1. This action followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which . . . has lasted or

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §

423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining

whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v.

Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially

dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks

the following series of questions:

1.  Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§
    404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving
    significant mental or physical duties done or intended to be done for pay or
    profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such
    work, he is not disabled within the meaning of the Act. 20 C.F.R. §§
    404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing
    substantial gainful activity, the analysis proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's
    regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless
    expected to result in death, an impairment is "severe" if it significantly
    limits the claimant's physical or mental ability to do basic work activities.
    20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or
    must be expected to last for a continuous period of at least 12 months. 20
    C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe

impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.    Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a.    The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.    Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.    Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or he is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work

3 - Opinion and Order

which exists in the national economy"). If the Commissioner fails to meet this burden, the

claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the

Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55;

*Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff has not engaged in substantial gainful activity since April 20, 2018, the amended alleged onset date. Tr. 18.

2. Plaintiff has the following severe impairments: degenerative joint disease and ligament instability bilateral ankles, Ehlers Danlos syndrome, cervical degenerative disc disease, lumbar degenerative disc disease, fibromyalgia, obesity, asthma, chronic obstructive pulmonary disease (COPD), major depressive disorder, general anxiety disorder, posttraumatic stress disorder (PTSD), and personality disorder (20 CFR 404.1520(c) and 416.920(c)). Tr. 18.

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926). Tr. 19.

4. Plaintiff has the residual functional capacity to "light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: she can stand and walk four hours total in combination in an eight-hour workday; she can have no exposure to uneven surfaces; she cannot reach overhead; she cannot climb ladders, ropes, or scaffolds, and can only occasionally perform all the other postural activities; she can have no exposure to vibration, pulmonary irritants, or hazards (e.g., unprotected heights, moving mechanical parts); she is limited to simple, routine tasks; she can have only occasional, superficial contact with the public, supervisors, and coworkers; and she needs a routine, predictable work environment with no more than simple decision-making and occasional changes." Tr. 22-23.

5. Plaintiff is unable to perform any past relevant work. Tr. 32.

6. Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy, such as router, marker II, and marker. Tr.33.

7.  Plaintiff has not been under a disability, as defined in the Social Security Act, since
    April 20, 2018, the alleged onset date. Tr. 33.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper

legal standards and the legal findings are supported by substantial evidence in the record. 42

U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see*

*also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence . . . is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citation omitted). "Where the evidence is

susceptible to more than one rational interpretation, the ALJ's decision must be affirmed."

*Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). In reviewing the Commissioner's alleged

errors, this Court must weigh "both the evidence that supports and detracts from the

[Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that

the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*,

454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the

Commissioner's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden

of showing that an error is harmful normally falls upon the party attacking the agency's

determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set

aside if the proper legal standards were not applied in weighing the evidence and making the

decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42

U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript

record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff argues the ALJ committed multiple errors and asserts that the appropriate remedy is a remand for payment of benefits. The Commissioner concedes the ALJ erred and that remand is appropriate, but argues the case should be remanded for further proceedings. Def. Br. at 1-2. Thus, the only issue before the Court is whether to remand for further proceedings or for the payment of benefits.

### A. Legal Standard

Whether to remand for further proceedings or for an award of benefits is within the Court's discretion under 42 U.S.C. § 405(g). *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional proceedings, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–1100 (9th Cir. 2014). Remand for an award of benefits is appropriate when "no useful purpose would be served by further administrative proceedings and when the record has been fully developed." *Id.* at 1100.

### B. Analysis

Plaintiff advances the following assignments of error: (1) Plaintiff's RFC, as the ALJ formulated, is consistent with disability; (2) the ALJ erred by not properly assessing Plaintiff's allegations; (3) the ALJ erred by not properly assessing the medical opinions of record; (4) the ALJ erred by not properly assessing Plaintiff's headaches, Dercum's disease, and lymphedema; and (6) the appropriate remedy is to issue a remand for benefits. Pl. Br. at 5-29; Pl. Repl. Br. at 2-10.

The Commissioner concedes the ALJ erred in his decision because it was unsupported by substantial evidence. Def. Br. at 2, 4. The Commissioner, however, fails to identify what errors the ALJ committed. Nor does the Commissioner directly address any of the specific errors Plaintiff alleged in her brief. Instead, the Commissioner argues that "the appropriate remedy is to remand for further proceedings because the record before the Court does not conclusively establish Plaintiff's disability status." Def. Br. at 2. The Commissioner argues that there are conflicting medical opinions in the record, and the VE's testimony was "too vague and speculative to support a credit-as true rule." Therefore, the Commissioner argues, "the Court should not credit some opinions above others, or credit Plaintiff's testimony," and an award of benefits would be improper. Def. Br. at 6, 7.

In failing to respond to the merits of Plaintiff's claims, the Commissioner waives those issues. *See Meaghan M. v. Comm'r Soc. Sec. Admin*, 2023 WL 3816415, at *4 ("This Court is not required to independently review and assess Plaintiff's arguments where the Commissioner has not done so on review"). The Commissioner states that he "denies any arguments not specifically addressed, but avers that on remand Plaintiff will be given a *de novo* opportunity to present her case." Def. Br. at 4. That statement, however, is not a legally sufficient response to preserve the Commissioner's arguments on appeal. *See Jeffrey C. v. Kijakazi*, 2023 WL 4760603, at *3 (D. Or. July 26, 2023) (holding a conclusory statement that the Commissioner denies any arguments not specifically addressed is insufficient to preserve arguments for appeal); *Meaghan M.*, 2023 WL 3816415, at *3-4 ("It is not legally sufficient for the Commissioner to simply aver that he 'denies any arguments not specifically addressed.'") (citations omitted). The Commissioner bears the burden to defend the decision below; failing to address the merits of Plaintiff's arguments precludes the possibility of contesting those arguments in the future.

*Johnny T. v. Berryhill*, 2019 WL 2866841, at *3 (D. Or. July 2, 2019). Therefore, consistent with

the Commissioner's concessions, this Court finds that the ALJ erred as Plaintiff has alleged. *See*

*Johnny T.*, 2019 WL 2866841, at *2-3 ("[T]he Commissioner's failure to substantively respond

to Plaintiff's arguments regarding his symptom testimony, medical opinion evidence, and lay

witness testimony constitutes a concession of those issues.") (citations omitted); see also *Krista*

*B. v. Comm'r of Soc. Sec. Admin.*, 2021 WL 5235969, at *4 (D. Or. Nov. 10, 2021) (holding that

the court will not "independently review and assess [p]laintiff's arguments where the

Commissioner has not done so on review").

### C. Credit-as-true Analysis

A court must conduct a "credit-as-true" analysis on evidence that has been improperly

rejected by the ALJ to determine if a claimant is disabled under the Act. *Strauss v. Comm'r of*

*Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). The "credit-as-true" doctrine is settled

law in the Ninth Circuit. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The Ninth

Circuit has a three-step procedure to determine whether improperly discredited evidence should

be credited as true. First, the court must determine that the ALJ made a harmful legal error, such

as failing to provide legally sufficient reasons for rejecting evidence. *Treichler*, 775 F.3d at 1101.

If such an error exists, the court must next review the administrative record to determine whether

it has been fully developed and if further proceedings would serve no useful purpose. *Id.* If the

record is fully developed, the court must then consider whether the ALJ would be required to

find the claimant disabled on remand if the improperly discredited evidence were credited as

true. *Garrison*, 759 F.3d at 1020.

The credit-as-true standard is met here. That the ALJ committed harmful legal error is in

this case undisputed. The errors alleged by Plaintiff and accepted by this Court resolve any

dispositive questions as to gaps or conflicts in the medical opinions. Even if the Court was to accept that conflicts in the medical record remain after Plaintiff's allegations of error have been resolved in her favor, that would not render the record incomplete. *See Jeffrey C.*, 2023 WL 4760603, at \*6 (stating conflicting medical opinions are not the dispositive question in a credit-as-true analysis); *see also Dollene C. v. Kijakazi*, 2023 WL 4488162, at \*4-5 (D. Or. July 12, 2023) (rejecting the argument that "divided" medical opinions require remand proceedings where the Court "specifically finds that further proceedings would serve no useful purpose here because [one physician's] opinion alone requires a finding of disability"). Adding yet another medical opinion, another hearing, another VE opinion, etc., to the record as the Commissioner proposes will not add value to the process but only further delay its conclusion. The record is fully developed.

Finally, an ALJ would be required to find Plaintiff disabled based on properly crediting the discredited medical opinions. The VE's testimony demonstrated that the limitations opined by Lynn Willis BSN, PMHNP (that Plaintiff has marked difficulty understanding, remembering, and applying information, marked difficulty concentrating, persisting and maintaining pace, has extreme difficulty interacting with others and adapting or managing herself, would be off task over 30% of the time during a 40-hour work week, and would miss four or more days per month) and Cami Bean, FNP-C (that Plaintiff's mental and physical conditions would deteriorate with regular and continuous work, and Plaintiff would miss four or more days of work per month due to pain exacerbated by work), preclude Plaintiff from competitive employment. Tr. 1163, 1154, 69-70.

In fully crediting the medical opinions as true, the ALJ would be required to find Plaintiff disabled on remand. *See Clester v. Comm'r of Soc. Sec.*, No. 09-cv-765-ST, 2010 WL 3463090,

at *8 (D. Or. Aug. 3, 2010) (crediting a doctor's opinion that the claimant "had marked limitations in her ability to . . . maintain regular attendance, and be punctual within customary tolerances" combined with VE testimony that "individuals who miss two or more days on a chronic basis are not competitively employable" warranted remanding for an immediate calculation and award of benefits), *adopted*, 2010 WL 3463078 (D. Or. Aug. 31, 2010). Therefore, the record is fully developed, and remand for further proceedings would serve no useful purpose. Under the credit-as-true doctrine, Plaintiff is disabled, and the Court concludes that a remand for benefits is appropriate.

### ORDER

For the reasons discussed above, the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is REVERSED, and this case is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for an immediate calculation and payment of benefits. Judgment shall be entered for the Plaintiff.

It is so ORDERED and DATED this _l l_ day of September, 2025.

MARK D. CLARKE
United States Magistrate Judge